### BARNETT v. NEWBURY.

(Supreme Court, Appellate Term, First Department. December 17, 1914.)

COURTS (§ 188*)—MUNICIPAL COURT—JURISDICTION—ACTION AT LAW.

As partners may, on dissolution, transfer title of the firm assets to one partner, and thus confer on him the absolute ownership, the assignee may maintain an action at law against a retiring member, who thereafter collects assets of the old firm; and, since an accounting is not necessary, the action may be maintained in the Municipal Court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 412, 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. § 188.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Caryl A. Barnett against Henry Newbury, who counterclaimed. From a judgment dismissing defendant's counterclaim. defendant appeals. Reversed and remanded.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

Marshall S. Hagar, of New York City, for appellant.
Matthew M. Black, of Brooklyn, for respondent.

LEHMAN, J. The plaintiff brought an action upon certain notes made by the defendant, his former partner. The answer admits the material allegations of the complaint, but sets up two counterclaims. The trial justice dismissed these counterclaims, on the theory that they involved partnership transactions, and that the Municipal Court had therefore no jurisdiction over these causes of action.

The appellant concedes that the first counterclaim cannot properly be pleaded in the Municipal Court, but appeals from the judgment because the second counterclaim was also dismissed. In this counterclaim the defendant pleaded:

"That by the terms and conditions of the dissolution of the partnership * * * the defendant became the owner of and was entitled to receive all accounts receivable due the said partnership; that after the dissolution of the said partnership the plaintiff had and received ·and applied to his own

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

use the sum of $44.21 due on the said accounts receivable of the said partnership; that the proceeds of these accounts were the property of and belonged to the defendant," etc.

It requires no citation of authority to show that upon a dissolution of partnership the partners may transfer title of any of their assets to one partner, and that thereupon such partner becomes the absolute owner thereof, and may enforce his title, even against his former copartner. His title does not depend upon the results of an accounting, for the firm has by agreement parted with its interests therein. Consequently, if a copartner thereafter interferes with these assets, an action at law may be brought against him, just as if a stranger had been guilty of. the same interference. In this case it is not contended that the counterclaim does not allege such a transfer to the defendant, and the defendant has a right to bring an action at law against his partner for any unlawful interference with or unjust enrichment through such interference with his assets. No accounting is necessary in such action, and the Municipal Court has jurisdiction.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.